```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARIO GAUSE,                   :    CIVIL ACTION
                               :    NO. 06-4733
        Plaintiff,             :
                               :
     v.                        :
                               :
DAVID DiGUGLIELMO, et al,      :
                               :
        Defendants.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          April 2, 2007

_____Plaintiff Mario Gause is an inmate at Pennsylvania
State Correctional Institution at Graterford (SCI Graterford).
He brings suit under § 1983 after he was allegedly injured on a
broken grate cover in the kitchen of the prison where he was
working.  Nine of the 14 defendants have jointly filed a motion
to dismiss.  The other defendants did not waive service and have
not yet answered.

        According to the complaint, after the fall, Gause was
sent to an outside medical facility.  He was discharged and
returned to SCI Graterford, where he was placed on overnight
observation in the infirmary, and then released to the regular
housing unit.  Gause allegedly requested infirmary housing but
was denied.  He claims that his medication was delayed.  Further,
he claims that despite being told by medical staff to "not stand
too long," he was ordered by kitchen staff to stand while

working.

Gause claims that the prison officials knew of the broken grate cover but did not fix it.

He requests an injunction to obtain: (1) adequate medical care, (2) not to have "staff exact revenge" upon him for instituting suit; (3) a medical mattress and back brace; (4) a new policy for meals in the cells; (5) repairs to the floor and grates immediately.  In addition, he seeks $100,000 jointly and severally from each defendant and $50,000 punitive damages from each.  He also requests the assistance of an attorney.

I.   MOTION TO DISMISS

The nine defendants that have jointly filed a motion to dismiss are all Pennsylvania Department of Corrections (DOC) employees.  They move to dismiss under 12(b)(6) for failure to state a claim upon which relief may be granted and 12(b)(1) for lack of subject matter jurisdiction.

     A.   Legal Standard

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted only if, accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom there is no reasonable reading upon which the plaintiff may be entitled to relief.  Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006)

(citing <u>Colburn v. Upper Darby Twp.</u>, 838 F.2d 663, 665-66 (3d Cir. 1988)).  <u>Pro se</u> complaints should be construed liberally. <u>See, e.g.</u>, <u>Alston V. Parker</u>, 363 F.3d 229, 234 (3d Cir. 2004).  A court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.2d 902, 906 (3d Cir. 1997).

At issue in a Rule 12(b)(1) motion is the court's "very power to hear the case."  <u>Petruska v. Gannon University</u>, 462 F.3d 294, 302 (3d Cir. 2006).  There are two ways to attack a complaint under Rule 12(b)(1), a facial attack and a factual attack.  <u>Id.</u> at n.3.  The standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6).  <u>Id.</u> at 299 n.1 (citing <u>Mortensen v. First Fed. Sav. & Loan</u>, 549 F.2d 884, 891 (3d Cir. 1977)). If the Defendant has not yet filed an answer, as is the case here, a challenge under 12(b)(1) is necessarily a facial attack.  <u>Moretenson</u>, 549 F.2d at 891.

"The factual attack . . . differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56."  <u>Petruska</u>, 462 F.3d at 302 n.3 (citing <u>Mortensen</u>, 549 F.3d at 891).  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction, the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness

attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist. Id.

  B. Application

    Defendants advance a "facial attack" on subject matter jurisdiction.[1]  See Mot. to. Dismiss at 3.  For this reason, the standard is the same as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Petruska, 462 F.3d at 302 n.3.

    Essentially, Defendants raise two arguments.  First, they argue that Plaintiff has failed to state a claim that his Eighth Amendment rights were violated by his treatment.  Second, they contend that the Eleventh Amendment precludes the Court from having subject matter jurisdiction over Plaintiff's constitutional claims against Commonwealth defendants in their official capacities.

    1. Plaintiff has failed to state a claim under the Eighth Amendment.

---

[1] Not only do Defendants state that it is a facial attack, it necessarily must be construed as such, given that Defendants have yet to file an answer.

Defendants argue that Plaintiff has failed to state a claim under the Eighth Amendment.

While the Constitution does not mandate comfortable prisons, the conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  It is well-established that the Eighth Amendment imposes a duty on prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 527-27 (1984)).

In order to state a claim under the Eighth Amendment for failure to prevent harm, the inmate must meet two requirements.  First, an objective component, the "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id.  Second, is a subjective component, that the prison official(s) were "deliberately indifferent" to the inmates' health and safety.  In Farmer, the Supreme Court defined "deliberate indifference" in this context as "the equivalent of recklessly disregarding [the substantial] risk." Id. at 836.  The Court went on to hold that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate

health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837.

In this case the Defendants contend that, in all the incidents claimed by Plaintiff, even if prison officials knew of a risk, they did not act with deliberate indifference to it.

Construing all facts in light most favorable to Plaintiff, Plaintiff has stated a claim under the Eighth Amendment.  He claims that the Defendants knew of the broken grate, a substantial risk given the injuries he claims to have sustained, and were nevertheless indifferent to that risk.  While the mental state of the Defendants is not known at this time, all reasonable inferences must be drawn in favor of Defendant at this stage.

Therefore, because the Court must construe facts in light most favorable to Plaintiff, and because pro se complaints should be construed liberally, Defendants' motion to dismiss will be denied in part.  If, as Plaintiff contends, Defendants knew of the risks posed by the allegedly broken grate cover, and appreciated the severity of the danger it posed, and yet were deliberately indifferent to dangerous conditions of the prison, then he has stated a claim under the Eighth Amendment.

6

> 2.   The Court lacks subject matter jurisdiction over
>       constitutional claims against Defendants in their
>       <u>official capacity.</u>

While it is unclear if Plaintiff attempts to sue defendants in their official, rather than individual capacities, Defendants are correct in their contention that the Eleventh Amendment acts as a jurisdictional bar to the Court's power to hear constitutional claims against defendants <u>in their official capacity</u>.

"[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 693, n.2 (3d Cir. 1996).  It immunizes states and their agencies from suit in the federal courts.[2]  <u>Id.</u> at 697 (citing <u>Will v. Michigan Dept. Of State Police</u>, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil

---

[2] The 11th Amendment states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

liberties.")).

          Neither of the two well-established exceptions to the
Eleventh Amendment's jurisdictional bar apply in this case.
<u>Koslow v. Commonwealth of Pennsylvania</u>, 302 F.3d 161, 168 (3d
Cir. 2002) (citing <u>Coll. Sav. Bank v. Fla. Prepaid Postsecondary
Educ. Expense Bd.</u>, 527 U.S. 666, 670 (1999)). First, although
Congress may specifically abrogate the states' Eleventh Amendment
immunity, <u>Blanciak</u>, 77 F.3d at 694, it has not authorized suits
against states for purported § 1983 violations.  <u>Id</u> at 697
(citing <u>Will</u>, 491 U.S at 58).  Furthermore, state officials
acting in their official capacities are not "persons" under §
1983, and such suits are barred by the Eleventh Amendment.[3]  <u>Id.</u>

          Second, a state may waive its sovereign immunity by
consenting to suit. <u>Coll. Sav. Bank</u>, 527 U.S. at 670 (citing
<u>Clark v. Barnard</u>, 108 U.S. 436(1883)).  However, Pennsylvania has
explicitly withheld its consent to suit in federal court.  <u>See</u> 42
Pa. Cons. Stat. Ann. § 8521(b).

          Therefore, based on well-established case law, it is
clear that this Court lacks subject matter jurisdiction over
Plaintiff's civil rights claims against defendants acting in
their official capacity as DOC employees.  Defendants' motion to

[3] The only narrow exception to this rule is that set forth
in <u>Ex parte Young</u>, 209 U.S. 123 (1908), where the state official
acts pursuant to an unconstitutional state enactment.  This
exception does not apply in the case at hand.

dismiss will be granted in part.


II.  CONCLUSION

    Defendants' motion to dismiss will be granted in part and denied in part.  Because the Eleventh Amendment bars federal suits against state officials acting in their official capacities, the Court lacks subject matter jurisdiction to the extent that these claims sue defendants in their official capacity and the motion to dismiss under 12(b)(1) will be granted.

    To the extent that the Plaintiff sues Defendants in their individual capacity, viewed in a light most favorable to Plaintiff, Plaintiff has stated a claim under the Eighth Amendment and the motion to dismiss under 12(b)(6) will be denied.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
MARIO GAUSE,                  :    CIVIL ACTION
                             :    NO. 06-4733
          Plaintiff,          :
                             :
     v.                       :
                             :
DAVID DiGUGLIELMO, et al,     :
                             :
          Defendants.         :
```

### O R D E R

_____**AND NOW**, this **2nd** day of **April, 2007,** upon consideration of Defendants' Motion to Dismiss (doc. no. 6) and after a telephone conference on the matter, it is hereby **ORDERED** that Defendants' Motion to Dismiss (doc. no. 6) is **GRANTED in part** and **DENIED in part** as follows:

1.  The motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction will be **GRANTED** to the extent that Plaintiff is attempting to sue the Defendants in their official capacity as Pennsylvania state employees;

2.  The motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted will be **DENIED.**

**IT IS FURTHER ORDERED** that the matter is **STAYED** until

further Order of the Court.[1]

> **IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel is **DENIED without prejudice.**[2]


    **AND IT IS SO ORDERED.**

             **S/Eduardo C. Robreno**

             **EDUARDO C. ROBRENO, J.**

---

[1] The Court will convene a status and scheduling conference once all defendants have been served.  By separate Order the Court will address service issues concerning the five defendants that have not yet answered Plaintiff's complaint.

[2] Plaintiff is granted leave to reassert his request at the appropriate time and once all defendants have been served so the Court may apply the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993), regarding indigent civil litigants' request for appointment of counsel.