IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIO GAUSE,                    :    CIVIL ACTION
                                :    NO. 06-4733
        Plaintiff,              :
                                :
        v.                      :
                                :
DAVID DIGUGLIELMO, et al.,      :
                                :
        Defendants.             :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        JANUARY 15, 2009

        Defendants, David Diguglielmo, Dennis Cotton, Jeraldine

Marable, Jack Kline, Vivian Jarvis, Joan Neri, George Hiltner,

Scott Pasquale, and C.A. Judge (hereinafter "Commonwealth

Defendants") and Defendants, Richard Stefanic, Richard

Kosieroski, Frank Masino, John Zaro, and Caleb Nwosu (hereinafter

"Medical Defendants") filed motions for summary judgment under

Fed. R. Civ. P. 56(b) (doc. nos. 31 and 30).  For the reasons

that follow both motions will be granted.


I.  BACKGROUND[1]

        Plaintiff Mario Gause initiated this lawsuit, claiming

violations of his civil rights under 42 U.S.C. § 1983, which

_____

        [1]    The facts presented are drawn from Plaintiff's
complaint and deposition, and when disputed are viewed in the
light most favorable to Plaintiff.

1

occurred while he was an inmate at the State Correctional Institution at Graterford ("Graterford").  Plaintiff alleges that he fell on a broken crate cover while working in the kitchen of Graterford on March 29, 2006, and as a result, he suffered injuries.

After the fall, Plaintiff was sent to an outside medical facility.  He was discharged and returned to Graterford, where he was placed on overnight observation in the infirmary, and then released to the regular housing unit.  Plaintiff allegedly requested infirmary housing but was denied.  He claims that his medication was delayed.  Further, he claims that despite being told by medical staff to "not stand too long," he was ordered by kitchen staff to stand while working.

After deposing Plaintiff and reviewing Plaintiff's medical records, the Commonwealth Defendants and Medical Defendants filed separate motions for summary judgment (doc. nos. 31 and 30).  Commonwealth Defendants argue: (1) Commonwealth Defendants' conduct in response to Plaintiff's injury does not rise to the level of a constitutional violation; and (2) Commonwealth Defendants are entitled to qualified immunity from the suit.  Medical Defendants argue: (1) Plaintiff failed to exhaust administrative remedies against Defendant Doctors Masino, Stefanic, Zaro, Nwuso, as required by 42 U.S.C. § 1997e(a); and (2) Medical Defendants' conduct in response to Plaintiff's injury

does not rise to the level of a constitutional violation.
Plaintiff responded to Defendants' motions collectively,
reiterating the arguments in his complaint, and then filed a
supplemental response, again reiterating the underlying arguments
of his claim.  (Doc. nos. 34 and 35).


II.  MOTION FOR SUMMARY JUDGMENT STANDARD

        Summary judgment is proper when "the pleadings, the
discovery and disclosure materials on file, and any affidavits,
show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56©.  A fact is "material" if its existence or
non-existence would affect the outcome of the suit under
governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
248 (1986).  An issue of fact is "genuine" when there is
sufficient evidence from which a reasonable jury could find in
favor of the non-moving party regarding the existence of that
fact.  Id. at 248-49.  "In considering the evidence, the court
should draw all reasonable inferences against the moving party."
El v. Se. Pa. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007).

        "Although the initial burden is on the summary judgment
movant to show the absence of a genuine issue of material fact,
'the burden on the moving party may be discharged by showing-that
is, pointing out to the district court-that there is an absence

of evidence to support the nonmoving party's case' when the
nonmoving party bears the ultimate burden of proof." Conoshenti
v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004)
(quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2
(3d Cir. 2001)).  Once the moving party has thus discharged its
burden, the nonmoving party "may not rely merely on allegations
or denials in its own pleading; rather, its response must--by
affidavits or as otherwise provided in [Rule 56]--set out
specific facts showing a genuine issue for trial." Fed. R. Civ.
P. 56(e)(2).


III.  ANALYSIS

     A.  Commonwealth Defendants' Motion for Summary Judgment

          Commonwealth Defendants assert that they are entitled
to qualified immunity, shielding them from trial for Plaintiff's
§ 1983 action.  Section 1983 of Title 42 of the United States
Code provides a cause of action for an individual whose
constitutional or federal rights are violated by those acting
under color of state law.[2]  See Gonzaga Univ. v. Doe, 536 U.S.

---

     [2]     "Every person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State or
Territory or the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other person
within the jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress . . . ." 42

-4-

273, 284-85 (2002) (recognizing that Section 1983 provides a remedy for violations of individual rights "secured by the Constitution and laws" of the United States).  When an officer's conduct gives rise to a Section 1983 claim, the privilege of qualified immunity, if appropriate, can serve as a "shield from suit."  Hunter v. Bryant, 502 U.S. 224, 227 (1991).

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'"  Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  Pursuant to Saucier, qualified immunity claims are evaluated under a two-part test.  Walter v. Pike County, 544 F.3d 182, 191 (3d Cir. 2008).  First, the court must determine whether the "conduct alleged by the plaintiff violated a clearly established principle of constitutional or statutory law."  Id.  (citing Showers v. Sprangler, 182 F.3d 165, 171-172 (3d Cir. 1999)).  If no constitutional violation occurred, the inquiry ends here and qualified immunity is appropriate.  Id.  However, if there is a constitutional violation, the court proceeds to the second step and determines "whether the unlawfulness of the action would have been apparent to an objectively reasonable official."  Id.  If this inquiry is answered in the negative,  qualified immunity is appropriate.

_____

U.S.C. § 1983.

Id.

In making the threshold determination in the qualified immunity analysis, the Court turns to Plaintiff's claim that his right under the Eighth Amendment was violated by Commonwealth Defendants' failure to prevent harm and/or by Commonwealth Defendants' deliberate indifference towards Plaintiff's injuries. In addition, the Court considers Plaintiff's claim that his right of access to courts was violated by Defendant Jarvis' refusal to write an incident report following Plaintiff's fall.[3]

_____

[3]    Importantly, Plaintiff does not explicitly allege that Defendant Jarvis interfered with his access to the courts. Instead, in Plaintiff's complaint, Plaintiff states: "Sgt. Jarvis witnessed an inmate fall into an already injured Gause, but refused to file an incident report."  Pl.'s Compl. at 2A, ¶ 12. For the reasons that follow, the Court construes this claim as a contention that Defendant Jarvis interfered with Plaintiff's ability to access the courts.

Prior to initiating the instant action, Plaintiff was required to exhaust all remedies at the administrative level.  42 U.S.C. § 1997e(a).  Pursuant to the Pennsylvania Grievance System, DC-ADM-804 Part VI, in order to exhaust administrative remedies, a prisoner must satisfy the following three stages of review: (1) Initial Review (DC-ADM-804 Part VI.B), which addresses the inmate's filed grievance; (2) the first appeal from Initial Review, known as Appeal to the Facility Manager (DC-ADM-804 Part VI.C); and (3) second and final appeal, the Appeal to Secretary's Office Inmate Grievance and Appeals (DC-ADM-804 Part VI.D).

As noted, Plaintiff contends that Defendant Jarvis failed to prepare an incident report following Plaintiff's fall. The absence of such documentation would threaten Plaintiff's ability to effectively pursue this claim at the administrative level, and eventually the district court level.  Accordingly, the Court construes Plaintiff's instant contention as an allegation that Defendant Jarvis interfered with Plaintiff's ability to

Plaintiff alleges that his Eighth Amendment right against cruel and unusual punishment was violated by the Commonwealth Defendants' failure to prevent harm caused by the following conduct: (1) Defendants' failure to fix grate covers in the kettle area; (2) Defendant Pasquale's failure to provide Plaintiff meals in his cell to accommodate Plaintiff's alleged inability to walk to the cafeteria; and (3) Defendant Marable's order that Plaintiff stand while working in the kitchen.

While the Constitution does not mandate comfortable prisons, the conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In order to state a claim under the Eighth Amendment for failure to prevent harm, the inmate must meet two requirements. Id. First, an objective component, the "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, a subjective component, a showing that the prison official(s) were "deliberately indifferent" to the inmates' health and safety. In Farmer, the Supreme Court defined "deliberate indifference" in this context as "the equivalent of recklessly disregarding [the substantial] risk." Id. at 836. The Court went on to hold that "a prison official cannot be found

access the courts.

liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff's failure to prevent harm claim predicated upon Defendants' failure to fix grate covers in the kettle area does not constitute an Eighth Amendment violation.  Even if Plaintiff satisfies the objective prong of Farmer by proving that the grating created a substantial risk of serious harm, Plaintiff is unable to satisfy the second, subjective prong Farmer.[4]  An accidental injury does not amount to an Eighth Amendment violation when prison officials act negligently, or are unaware of a substantial risk of serious harm.  Farmer, 511 U.S. at 835. In Bacon v. Carroll, the Third Circuit upheld the district court's dismissal of plaintiff inmate's Section 1983 claim

_____

[4]     It is questionable whether the grating condition created an objectively substantial risk.  In fact, depositions of Plaintiff and Defendants suggest the opposite conclusion. Plaintiff claims that the size of the gap was "relatively small" - four to six inches long and 18 inches wide (Pl. Dep. at 12:19 - 14:14).  In addition, Defendants note that no evidence exists of the occurrence of any other incident or injury to Plaintiff, any other inmate, or staff member, caused by the gap.  (Neri Interrog. Resp.  (Exh. 4) p. 5; Pl. Dep. at 12:19-14:14; 20:2-4). However, at the summary judgment stage of review, the Court views this disputed fact in the light most favorable to Plaintiff, the non-moving party.

-8-

against prison officials, alleging violation of his Eighth
Amendment rights, where plaintiff slipped on a wet floor as a
result of prison official's alleged negligence.  232 F. App'x
158, 160 (3d. Cir. 2007).  The Third Circuit held that
"[a]lthough a wet floor may pose a substantial risk,
[plaintiff's] allegations do not reflect the deliberate
indifference required to imposed liability under the Eighth
Amendment."  Id.; see also Peeks v. Beard, No. 05-1764, 2005 U.S.
Dist. LEXIS 31034 (M.D. Pa. Nov. 17, 2005) (dismissing plaintiff
inmate's Eighth Amendment violation claim where plaintiff was
injured by light fixture which allegedly fell as a result of
prison officials' negligence); Thomas v. Zinkel, 155 F. Supp. 2d
408, 410 (E.D. Pa. 2001) (dismissing plaintiff inmate's Eighth
Amendment violation claim where plaintiff failed to show that
prison official subjectively knew of risk of harm in prison
ladder which allegedly caused plaintiff's injury).

        Similar to the negligence alleged by the inmate
plaintiff in Bacon, Plaintiff in the instant matter makes
negligence based allegations against Commonwealth Defendants,
contending that Defendants failed to address the deteriorating
grating condition.  (Pl. Dep. 19:22-20:21).  However, even
assuming that the Commonwealth Defendants were negligent in the
maintenance of the grating, evidence of negligence is

-9-

insufficient to establish deliberate indifference.[5]
Consequently, as Plaintiff provided no further evidence to
support Commonwealth Defendants' deliberate indifference,
Plaintiff's claim on this ground fails.

Next, Plaintiff predicates his failure to prevent harm
claim upon two instances where Defendants allegedly did not
respond to Plaintiff's medical complaints: (1) Defendant
Pasquale's failure to provide Plaintiff with meals in his cell to
accommodate Plaintiff's alleged inability to walk to the
cafeteria; and (2) Defendant Marable's order that Plaintiff stand
while working in the kitchen, despite Plaintiff's contention that
Plaintiff was told "not to stand to[o] long."  Both actions fall
short of an Eighth Amendment violation.  Even if Plaintiff
satisfies the objective prong of <u>Farmer</u> by proving that the
conduct of either Defendant Pasquale or Defendant Marable

---

[5]      Notably, Commonwealth Defendants contest that they
acted negligently.  <u>See</u> DiGugielmo Interrog. Resp. (Exh. 2) p. 2:
¶ A; Hiltner Interrog. Resp. (Exh. 3) p. 2: ¶ 2; Neri Interrog.
Resp. (Exh. 4) p. 2: ¶ A; Judge Interrog. Resp. (Exh. 5) p. 1: ¶
1; Cotton Interrog. Resp. (Exh. 7) p. 1: ¶ 1; Marable Interrog.
Resp. (Exh. 8) p. 1: ¶ 1; Jarvis Interrog. Resp. (Exh. 9) p. 1: ¶
1; Kline Interrog. Resp. (Exh. 10) p. 1: ¶ A (indicating that
Commonwealth Defendants did not consider grating conditions to be
a substantial risk).

According to Defendants, they took the following action
to address the grating condition: (1) caution signs posted in the
area; (2) kitchen staff submitted work orders to the maintenance
department for grating repair; and (3) maintenance department
ordered and was awaiting heavier-duty grating.

constituted a substantial risk to Plaintiff's health, under the facts alleged, Plaintiff cannot establish the subjective prong of Farmer.  Significantly, prison officials who are not physicians cannot be found deliberately indifferent for failure to respond to an inmate's complaint about a medical condition when that inmate is already being treated by a physician.  Durmer v. O'Carroll, 991 F.3d 64, 69 (3d Cir. 1993).  In Durmer, plaintiff inmate brought a 1983 action against prison officials alleging Eighth Amendment violations where prison officials refused to accommodate plaintiff's request for physical therapy.  Id.  The Third Circuit held that a finding of the prison officials' deliberate indifference to plaintiff's medical conditions was precluded where plaintiff was already treated by a physician. Id.

Like in Durmer, Plaintiff in the instant case was under the care of physicians.  Plaintiff admits that the medical department concluded that Plaintiff was able to walk from his cell to the kitchen (Pl. Dep. at 68:8-73-4), and thus meals in his cell were not medically necessary.  In addition, Plaintiff fails to allege that he received medical instruction not to work or stand.[6]  Under these circumstances, Plaintiff cannot establish

---

[6]   In Plaintiff's complaint, Plaintiff alleges that he was instructed "not to stand to[o] long," and "no heavy lifting." Pl.'s Compl. at 2A, ¶ 11.  However, Plaintiff also alleges that

that Defendant Pasquale, nor Defendant Marable was deliberately indifferent to Plaintiff's medical needs by failing respond to his medical complaints.

Finally, Plaintiff alleges that his right to access of the courts was violated by Defendant Jarvis' failure write an incident report after Plaintiff's fall.[7]  Prisoners have a right of access to the courts.  <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). However, where an inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated.  <u>Id.</u> at 352-53.  An actual injury is shown only where a non-frivolous, arguable claim is lost.  <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002).

Under this analysis, the Third Circuit held that a prisoner's right to access the court was not violated where the prisoner failed to demonstrate an actual injury to his ability to litigate claims.  <u>Bacon</u>, 232 F. App'x at 161.  In <u>Bacon</u>, a prisoner brought a Section 1983 claim alleging deliberate

---

he was "released to work" by medical staff, without alleging any limiting instructions for such work release.  <u>Id.</u>  Accordingly, because Plaintiff was released to work by medical staff, without further limiting instructions, Defendant Marable acted in accordance with the physician's orders.

[7]    To clarify, Plaintiff contends that Defendant Jarvis failed to file an incident report to document the fall of another inmate into "an already injured Gause."  Pl.'s Compl. at 2A, ¶ 12.  Plaintiff does not allege that an incident report regarding Plaintiff's initial fall was not filed.

indifference of prison officials and health care providers where he was injured after falling on a wet floor in the prison dining hall. Id. at 160. The prisoner alleged that his constitutional rights were violated by the prison officials' failure to provide him with x-rays of his back and photographs of the hazardous area. Id. The Third Circuit held that because the prisoner did not explicitly allege how the absence of this material caused an actual injury to his ability to litigate his claims, his constitutional right to access the courts was not violated. Id. at 161.

As in Bacon, Plaintiff in the instant matter fails to allege that Defendant Jarvis' failure to prepare an incident report constituted an actual injury to his ability to litigate his claims. Accordingly, Plaintiff is unable to establish a constitutional violation on this ground.

Because no constitutional violations occurred, Defendant is entitled to qualified immunity as to Plaintiff's § 1983 claim. The Court need not consider the second prong of the qualified immunity test articulated in Saucier.

B. Medical Defendants' Motion for Summary Judgment

Medical Defendant Doctors Masino, Stefanic, Zaro, Nwuso contend that summary judgment should be granted in their favor on

-13-

procedural grounds because Plaintiff failed to exhaust administrative remedies against them, in violation 42 U.S.C. § 1997e(a).  The remaining Medical Defendant, Doctor Kosierowski, argues that his conduct in response to Plaintiff's injury does not rise to the level of an Eighth Amendment violation.[8]  Each argument will be addressed in turn.

### 1.  Exhaustion of Administrative Remedies

An inmate who pursues a cause of action based on any federal law of the United States Constitution must exhaust all administrative remedies before filing suit.  42 U.S.C. § 1997e(a).[9]  Any failure to comply with state administrative procedures, including filing appeals late or filing the initial grievance late, constitutes a bar to a complaint based on a constitutional deprivation in federal court.  Woodford v. Viet

---

[8]     Medical Defendant Doctors Masino, Stefanic, Zaro, Nwuso also make this argument, in the event that the Court does not grant summary judgment in their favor for Plaintiff's failure to exhaust administrative remedies against them.  The Court need not reach the merits of the argument by Defendant Doctors Masino, Stefanic, and Nwuso because summary judgment will be granted in favor of these Defendants due to Plaintiff's failure to exhaust administrative remedies against them.

[9]     Section 1997e(a) provides: No action shall be brought with respect to prison conditions under § 1983 of this title, of any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

Mike Ngo, 548 U.S. 81, 84 (2006).  The determination of whether a
prisoner has "properly" exhausted a claim is made by evaluating
the prisoner's compliance with the prison's administrative
regulations governing inmate grievance.  Spruill v. Gillis, 372
F.3d 218, 223 (3d Cir. 2004).

        The grievance procedures of the Department of
Corrections of the Commonwealth of Pennsylvania require an inmate
to do the following in order to exhaust administrative remedies:
"The inmate shall include a statement of the facts relevant to
the claim . . . the inmate should identify any persons who may
have information that could be helpful in resolving the
grievance.  The inmate should also include information on
attempts to resolve the matter informally."  DC-ADM804, Part
VI.A1d.  Interpreting this provision, the Third Circuit held that
to the extent that the identity of a defendant is a "fact
relevant to the claim," Pennsylvania's prison grievance policy
mandates that the identification be included in the inmate's
statement of the facts on the grievance form.  Spruill, 372 F.3d
at 234.  In the absence of any justifiable excuse, a Pennsylvania
inmate's failure to properly identify a defendant constitutes a
failure to properly exhaust remedies.  Id.[10]

_____

        [10]   After the Spruill decision, the United States Supreme
Court decided Jones v. Bock, 549 U.S. 199 (2007), in which it
held that a Michigan state inmate's failure to name the

In _Spruill_, plaintiff inmate brought a Section 1983 claim against the prison physician's assistant, among other defendants, alleging deliberate indifference to plaintiff's "serious back condition."  _Id._ at 223.  In accordance with Pennsylvania's prison grievance policy, plaintiff filed three inmate grievances, but failed to identify the prison physician's assistant by name on any of these grievances.  _Id._  The Third Circuit construed the physician assistant's identity as a "fact relevant to a claim" against the physician assistant, and held that in the absence of raising this fact at the grievance stage, or offering a justifiable excuse for excluding the fact, Plaintiff's claim was procedurally barred due to failure to exhaust administrative remedies.  _Id._ at 234.

In the instant case, prior to initiating this action, Plaintiff filed two grievances, only one of which concerned his medical care.[11]  However, similar to the deficiencies of the

_____

defendants during the course of the grievance procedure did not constitute a failure to exhaust, because there was no such requirement to do so contained in the Michigan state grievance policy.  Unlike the Michigan policy, the Pennsylvania regulation considered in _Spruill_ contains a requirement to identify individuals.  Thus _Jones_ does not change the application of _Spruill_ to this case.

[11]   _See_ Grievance No. 149543, filed April 18, 2006 (denied April 20, 2006; appealed to prison Superintendent, David DiGuglielmo, April 25, 2006; denied on appeal by DiGuglielmo, May 2, 2006; appealed to the Office of Inmate Grievances and Appeals; denied on appeal by Chief Grievance Officer, Sharon M. Burks,

grievances in Spruill, Plaintiff's grievance is deficient for
failure to identify Defendant Doctors Masino, Stefanic, and
Nwuso, or to provide a justifiable excuse for excluding these
Defendants' identities.  As the Third Circuit held in Spruill,
the identity of the medical staff alleged to have violated
Plaintiff's constitutional rights in a Section 1983 action is a
"fact relevant to a claim," and thus must be identified at the
grievance stage.  Accordingly, Plaintiff's claims against
Defendant Doctors Masino, Stefanic, and Nwuso are dismissed for
failure to properly exhaust administrative remedies.

     Raising a closer issue, Defendant Zaro concedes that
Plaintiff identified him in the grievance, but maintains that
Plaintiff nonetheless failed to exhaust administrative remedies
by the omission of specific details in the grievance of Defendant
Zaro's conduct which gave rise to Plaintiff's Section 1983 claim.
In his grievance,  Plaintiff contends, "[t]his is to address the
inhumane treatment and improper medical treatment here, which
applies to my 3/29/06 accident in the main kitchen.  On 4/7/06
Dr. Zora [Zaro] said I'm moving at 50% of my motion [be]cause of
the pain . . . ."  Official Grievance No. 149543.  Although
Plaintiff does not explicitly elaborate upon Defendant Zaro's

_____

June 28, 2006); and Grievance No. 149675, filed April 18, 2006
(denied May 1, 2006; appealed April 21, 2006).

conduct which gave rise to Plaintiff's Eighth Amendment violation, Plaintiff identifies Defendant Zaro in conjunction with his improper medical treatment claims, and thus Plaintiff exhausted administrative remedies as to this Defendant. Accordingly, the Court will proceed to evaluate the merit of Plaintiff's claims against Defendants Zaro and Kosierowski.[12]

         2.  <u>Eighth Amendment Violation</u>

        Medical Defendant Doctors Zaro and Kosierowski assert that their conduct in response to Plaintiff's injury does not rise to the level of an Eighth Amendment violation.  Plaintiff alleges that Medical Defendant Doctors Zaro and Kosierowski acted with deliberate indifference to Plaintiff's medical treatment by failing to satisfy Plaintiff's request for infirmary housing and meals in his cell.  (Pl. Dep. at 132:5-8; 138:19-22).  In essence, Plaintiff disagrees with the medical treatment provided by Defendant Doctors Zaro and Kosierowski.

        Applying the two-part test for deliberate indifference articulated in <u>Farmer</u>, the Court finds that Plaintiff's deliberate indifference claim predicated on the aforementioned

---

[12]    In Plaintiff's grievance, Plaintiff identifies Defendant Kosierowski and details the conduct of Kosierowski which forms the basis of Plaintiff's Section 1983 claim. Defendant Kosierowski does not contend that Plaintiff failed to exhaust administrative remedies against him.

grounds must fail.  Defendants' treatment of Plaintiff did not create an objectively substantial risk to Plaintiff's health.  An analysis of Plaintiff's medical records and deposition reveals that Plaintiff received care from Medical Defendant Doctors Zaro and Kosierowski, but merely disagreed with the type of care he received.  Pl. Dep. at 132:2-9; 140:1-10.  Notably, where a prisoner received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law."  United States ex rel. Walker v. Fayette County, Pennsylvania, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).  Moreover, a disagreement between the doctor and the plaintiff as to the medical diagnosis and treatment does not constitute deliberate indifference.  Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987) (denying inadequate medical treatment claim where medical treatment simply fails to comport with inmate's request).

Accordingly, Plaintiff's mere disagreement with the medical treatment decisions by Defendant Doctors Zaro and Kosierowski to deny Plaintiff's request for infirmary housing and meals in his cell cannot support a claim for deliberate indifference, and thus no Eighth Amendment violation occurred on

-19-

this ground.[13]  Summary judgment will be granted in favor of the

Medical Defendants.

An appropriate order follows.

---

[13]    Because the objective prong of the <u>Farmer</u> test is not
satisfied as a matter of law, the Court need to consider the
application of the subjective prong of <u>Farmer</u>.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIO GAUSE,                    :    CIVIL ACTION
                                :    NO. 06-4733
        Plaintiff,              :
                                :
                                :
        v.                      :
                                :
DAVID DIGUGLIELMO, et al.,      :
                                :
        Defendants.             :

# O R D E R

**AND NOW**, this **15th** day of **January 2009**, upon consideration of the Medical and Commonwealth Defendants motions for summary judgment (doc. nos. 30, 31) and Plaintiff's response thereto (doc. nos. 34, 35), it is hereby **ORDERED** that:

1.   Medical Defendants' motion for summary judgment (doc. no. 30) is **GRANTED**; and

2.   Commonwealth Defendants' motion for summary judgment (doc. no. 31) is **DENIED**;

**IT IS FURTHER ORDERED** that the case shall be marked **CLOSED**.

**AND IT IS SO ORDERED.**

 S/Eduardo C. Robreno
        **EDUARDO C. ROBRENO, J.**